UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS HARPER | § | |
|     *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO._____ |
| CITY OF | § | JURY DEMANDED |
| MISSOURI CITY, MIKE BEREZIN, | § | |
| GREG T. NELSON, JOHN DOE 1, | § | |
| | § | |
|     *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT
COURT:

Nicholas Harper ["Plaintiff"] respectfully comes before this Honorable
Court complaining pursuant to 42 U.S.C. § 1983 that Defendant herein (1) acted
under color of state law in a deliberately indifferent manner, (2) denied Mr. Harper
his right to be free from excessive force while knowingly depriving him of due
process, (3) deprived Nicholas Harper of his clearly established constitutional
rights to (a) remain free from excessive force, and (b) due process, and (c) cruel
and unusual punishment, and (4) that Defendant's actions caused decedent's
injuries.  In support thereof, Plaintiff specifically alleges the following:

1

## I.    NATURE OF THE ACTION

1. Defendant deprived Mr. Harper of his rights to: (a) remain free from excessive force; (b) remain free from arbitrary punishment; and (c) protection.

2. This suit arises under the Constitution of the United States (particularly the Fourth and Fourteenth Amendments to the Bill of Rights), 42 U.S.C. § 1983.

## II.    FACTS

1. Plaintiff Nicholas Harper is a 26 year old, black male, at the time of his arrest.

2. On May 14, 2016, Mr. Harper was apprehended by Doe Officer, and Officer Greg Nelson of the Missouri City Police department (MCPD), in Missouri City, Texas.

3. Mr. Harper was driving a faulty vehicle that he borrowed from a friend. The vehicle having mechanical problems, so he was unable to stop although he applied the brakes. The vehicle began to accelerate instead of stopping, causing Mr. Harper to panic.

4. The vehicle crashed and only then did the vehicle stop.

5. Once the vehicle came to a stop, Mr. Harper was concerned the vehicle would explode since he smelled gas, so he quickly moved away from the crashed vehicle. This move was considered resisting arrest or an attempt to flee by Doe officer, and Officer Greg Nelson.

6. The officers apprehended Mr. Harper and once detained Officer Nelson began to strike Mr. Harper repeatedly with his taser in the back of his head. Defendant Nelson blows to the back of Mr. Harper's head were so severe that it caused bleeding, bruises, cuts, and an open gash to the back of his head.

7. At the time of his arrest, Mr. Harper taken to the Fort Bend County Jail.

8. At intake, the medical department refused to accept his into custody, due to his injuries.

9. He was taken to the local hospital, treated, and released to the custody of MCPD.

10. Defendant's acts and omissions with respect to Plaintiff's conditions of confinement were:

    a. deliberately indifferent;

    b. a violation of the Fourth Amendment's right to be free from excessive force, unusual punishment as a pre-trial detainee; and

      c. a violation of due process of law as guaranteed by the Fourteenth Amendment;

11. Defendant, Missouri City's policies and procedures a proximate cause of Mr. Harper's injuries.

12. Defendant, Greg Nelson's action was the moving force and a proximate cause of Mr. Harper's injuries.

13. Defendant, John Doe 1's action as a bystander while Greg Nelson continued to strike Mr. Harper and failure to intervene was the moving force and a proximate cause of Mr. Harper's injuries.

14. There was an internal affairs investigation that followed, which was closed and lead to no discipline.

15. There was multiple request made pursuant to the public information act, for a copy of the video, and internal affairs report, but Defendant, Harris county has failed to respond to the request for information.

16. After the excessive force Mr. Harper complained of headaches, blurred vision and bone pain, since the use of force.

17. He was diagnosed with multiple injuries

18. He sought additional follow-up visits while in the Fort Bend County Jail.

19. He continues to need medical care since the defendants actions.

4

20. Mr. Harper suffered permanent damage to his head, scalp, and brain and now has physical impairment along with agonizing headaches, since the assault.

21. The reckless acts against Mr. Harper were made with deliberate indifference and Missouri City has not only shielded the Officers Doe and Nelson from criminal prosecution it has concealed the details of the actions by failing to respond to open records request made on behalf of Mr. Harper.

### III.   **PARTIES**

1. Plaintiff Nicholas Harper is and was at all times relevant hereto an individual residing in the State of Texas.

2. Defendant City of Missouri City Texas is a municipality located in Texas. It may be served with process by serving its Mayor Allen Owen.

3. Greg T. Nelson, 3849 Cartwright Rd., Missouri City, TX 77489

4. John Doe 1, 3849 Cartwright Rd., Missouri City, TX 77489

5. Mike Berezin, 3849 Cartwright Rd., Missouri City, TX 77489

### IV.   **JURISDICTION AND VENUE**

6. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a) (3) and (4) because Plaintiff's suit arises under 42 U.S.C. § 1983.

7. This Court also has jurisdiction to hear the merits of Plaintiff's claims regarding the Americans with Disabilities Act under 42 U.S.C.A. §§ 12132 and 12133, 28 U.S.C. §§ 1331 and 1343(a) (3) and (4) because these claims arise under federal law and relate to the deprivation of civil rights and/or discrimination against disabled persons.

8. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas, Houston Division.

9. All conditions precedent have been performed or have occurred.

## V.  CAUSES OF ACTION

### COUNT 1 – 42 U.S.C. § 1983
#### FOURTEENTH AND FOURTH AMENDMENT – DUE PROCESS
##### EXCESSIVE FORCE

10. The foregoing paragraphs are incorporated herein as if quoted verbatim.

11. At all times relevant hereto, Plaintiff had an inalienable and fundamental liberty interest protected by the Constitution.

12. Mr. Harper had the right to be free from excessive force.

13. The City of Missouri City's officials violated Mr. Harper's right to be free from excessive force because promoted, adopted and promulgated a policy of allowing its arresting officers to utilize excessive force when arresting and not interfering to prevent others from engaging in the use of excessive force.

14. The City of Missouri City's officials Mike Berezin, John Doe, and Greg Nelson, were deliberately or recklessly violated Mr. Harper's civil rights under the color of law because they:

    a. Allowed the excessive force against Mr. Harper when he was struck by a taser gun used by Officer Nelson;

15. These deprivations of Mr. Harper's civil rights under color of law occurred despite Defendants' knowledge concerning Mr. Harper's:

    a. Compliance, and

    b. Not resisting arrest as alleged[1].

16. The City of Missouri City's officials drew or must have drawn the inference that Mr. Harper constitutional right to be free from excessive force was secondary to the desires of the violators of the constitutional rights of others because it was county policy, procedure, custom or practice to encourage officers, as Doe in this case, to refuse to intervene when another officer is clearly engaging in excessive force.

---

[1] Resisting arrest charges against Plaintiff have been dropped.

17. The City of Missouri City's officials were actually aware that Officer Nelson used excessive force relating to the apprehension and arrest of Mr. Harper.

18. The City of Missouri City's officials drew or must have drawn the inference that Mr. Harper's need for medical care after the excessive force was open and obvious.

19. The City of Missouri City's officials drew or must have drawn the inference that Mr. Harper required immediate medical care.

20. Therefore, Defendant The City of Missouri City knew of and deliberately disregarded an excessive risk of harm to Mr. Harper right to be free from excessive force by adopting the actions of its officer Doe and Officer Greg Nelson.

21. Defendants' adoption and promotion of the policy and practice to allow its officers to also deliberately indifferent to Mr. Harper's constitutional right to be free from excessive force.

22. Defendants' acts are repugnant to the conscience of mankind, thereby exposing them to liability.

23. Defendant The City of Missouri City's officials is responsible for Mr. Harper's injuries because The City of Missouri City's officials decision-makers were sufficiently aware that its policies were defective, incomplete,

or routinely ignored by its officers (at least) to the extent that they facilitated or permitted the excessive force against Mr. Harper.

24. The danger(s) involved were obvious and the resulting substantial harms were certain.

25. Defendant, The City of Missouri City, Doe, and Nelson, were aware of facts from which they drew (or should have drawn) an inference that there was a substantial risk of serious harm to Mr. Harper or someone similarly situated.

26. Defendants, The City of Missouri City, Doe, and Nelson action in promoting the excessive force against Mr. Harper evidence a custom, policy, or procedure of excessive force, and deliberate indifference.

27. Additionally and/or alternatively, Defendants failures to reasonably address Mr. Phillip's open and obvious medical needs evidence the denial of medical care to persons who clearly require it.

28. Defendant had notice that their policies and procedures concerning the medical care of pre-trial detainees were deficient.

29. Additionally and/or alternatively, Defendant had notice that their policies and procedures concerning pre-trial detainees were deficient.

30. Therefore, the dangers of substantial injury to Mr. Harper (and others similarly situated) were certain to occur because Defendants had notice: (a) of Mr. Harper's open and obvious medical condition, since Nelson created

it; (b) of Mr. Harper's clear need for medical care; and (c) that the failure to provide access to medical care constitutes a deprivation of access to basic medical care.

31. Defendant The City of Missouri City is liable because they either (a) had a policy, procedure, or custom of ignoring open and obvious constitutional violations, namely excessive force; (b) made a conscious decision to ignore a policy, procedure, or custom that required accommodation of such disabilities; or (c) did not have a policy, procedure, or custom that required denial of life-saving prescription medication to pre-trial detainees.

32. Defendant John Doe, is liable because he was deliberately indifferent to Mr. Harper's constitutional right to be free from excessive force when he stood by and allowed the excessive force by Greg Nelson to occur and continue without intervening.

33. Defendant Greg Nelson is liable because he was deliberately indifferent to Mr. Harper's constitutional right to be free from excessive force

34. As a consequence, Defendant is liable because it was objectively and deliberately indifferent to Mr. Phillip's medical needs.

## COUNT 2 –DAMAGES

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered injuries and damages.

36. Physical Impairment

37. Mental Anguish

38. Plaintiff therefore seeks compensatory damages (including legal fees, lost future earnings, lost wages, and mental distress), presumed damages, nominal damages, and punitive damages.

## VI.   ATTORNEY FEES

39. After prevailing herein, Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988.

## VII.   PRAYER

40. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    (a)    compensatory damages;

    (b)    presumed damages;

    (c)    nominal damages;

    (d)    reasonable attorney fees;

(e)     costs of suit; and

(f)     all other relief to which Plaintiff shows herself entitled, both at law

and in equity.

The Lewis Law Group, PLLC

/s/ U. A. Lewis

U. A. Lewis
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
SBN 24076511
Federal ID: 1645666
Myattorneyatlaw@gmail.com
Lead Attorney for Plaintiff

The filing is timely. A filing error occurred rejecting the filing.
A pro se filing has been made in state court.

CM/ECF

| Civil | Criminal | Query | Reports | Utilities | Search | Logout |

**Complaints and Other Initiating Documents**

4:18-cv-01562 Harper v. City of Missouri City, Texas et al

ERROR: Document is malformed or contains code which may cause an external action (such as launching an application). This PDF document cannot be accepted.

Error File: C:\fakepath\Complaint 18.pdf

Submitted Entries

| | Filename | Type | Category | Description |
|---|---|---|---|---|
| Main Document | C:\fakepath\Complaint 18.pdf | - | - | |

Back