UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS HARPER | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:18-CV- |
| THE CITY OF MISSOURI CITY, | § | 001562 |
| MIKE BEREZIN, GREG T. | § | |
| NELSON, AND JOHN DOE 1 | § | |
|    Defendants. | § | |

DEFENDANTS' PROPOSED DISCOVERY CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The Parties' counsel conferred by e-mail and teleconference on January 3, 2019, and January 4, 2019. U.A. Lewis participated on behalf of the Plaintiff. Norman Ray Giles participated on behalf of Defendants City of Missouri City, Chief of Police Mike Berezin, and Officer Greg Nelson.

   During the conference, Plaintiff's counsel informed Defendants' counsel that Plaintiff will not participate in filing a joint case management plan. Plaintiff's counsel decided the parties will file separate proposed case management plans. Therefore, Defendants submit their proposed case management plan.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3. Briefly describe what this case is about.

      Plaintiff asserts claims under 42 U.S.C. §1983 and §1985. Plaintiff claims he was subjected to excessive force, subjected to cruel and unusual punishment, denied medical care, denied due process, and denied equal protection. Plaintiff also asserts claims of alleged assault and battery under Texas law against Officer Wiley.

      Defendants City of Missouri City, Chief Berezin, and Officer Nelson have moved, under Fed. R. Civ. P. 12(b)(5, 6), for dismissal of the suit. {Doc. nos. 15, 16}. Defendants City of Missouri City, Chief Berezin, and Officer Nelson alternatively deny Plaintiff's claims, contend that suit is barred by limitations, and aver that Officer Nelson is protected from suit and liability by qualified immunity.

4.    Specify the allegation of federal jurisdiction

      28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1367 (supplemental jurisdiction).

5.    Name the parties who disagree and the reasons.

      None.

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      None.

7.    List anticipated interventions.

      None.

8.    Describe class-action issues.

      None.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

>Plaintiffs assert claims against two law enforcement officers who are entitled to protections afforded them by qualified immunity from suit, liability, and unauthorized discovery obligations.
>Plaintiff failed to timely file suit, Plaintiff never served any Defendant with process, and Defendants have moved to dismiss the suit on that basis.
>
>Additionally, the claims and allegations in Plaintiff's complaint fail to state a claim for relief against any Defendant. Therefore, in light of the application of *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012), no form of discovery is authorized before the Court determines Plaintiff's allegations state a claim for relief that overcomes qualified immunity, and the Court has identified the scope of appropriate limited discovery.

10. Describe the proposed agreed discovery plan, including:

    a. Responses to all the matters raised in Rule 26(f).

Individual Defendants are law enforcement officers who are entitled to assert qualified immunity from suit, liability, and unauthorized discovery, through a motion to dismiss under FED. R. CIV. P. 12.

### Stay of Discovery Until Resolution of Qualified Immunity through FED.R.CIV.P. 12.

Under controlling precedent, discovery is entirely stayed by operation of law until after the Court rules on the sufficiency of Plaintiff's pleading allegations to state a claim that overcomes qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684-686, 129 S. Ct. 1937, 1949, 1953-1954 (2009); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014); *Patel v. Texas Tech University*, 727 FED. APPX. 94 (5th Cir. 2018) (PER CURIAM); *Bustillos v. El Paso County Hospital District*, 891 F.3d 214, 223 (5th Cir. 2018); *Waller v. City of Fort Worth*, 2015 U.S. Dist. LEXIS 134289 **14-19 (N.D. Tex. 2015). Therefore, a stay of all discovery is appropriate.

In *Iqbal*, 556 U.S. at 684-86, 129 S. Ct. at 1953-54, the Supreme Court explained further:

>[T]he question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process.

> Our rejection of the careful-case-management approach is especially important in suits where Government-official defendants are entitled to assert the defense of qualified immunity.
>
> It is no answer to these concerns [that litigation exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government] to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants.
>
> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.
>
> We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. That promise provides especially cold comfort in this pleading context, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.

### Required Bifurcated Discovery Process

If, after evaluating the sufficiency of Plaintiff's pleading allegations, the Court denies any Officer's claim to immunity through Rule 12 and the Court further finds that specific, narrowly tailored discovery is necessary to rule on an officer's claim to qualified immunity at the earliest possible stage in the litigation, the Court may only then authorize specific limited discovery the Court finds necessary to rule on the Officer's claim to immunity. *See Lion Boulos v. Wilson,* 834 F.2d 504, 506 (5th Cir.1987).

Any initial (qualified immunity) discovery period the Court authorizes after ruling on motions to dismiss based on qualified immunity should begin 10 days after the Court rules on immunity through the motion to dismiss and the Court also identifies the scope of discovery necessary to provide the Court with sufficient evidence to rule on qualified immunity. Officer Nelson and Chief Berezin anticipate the need for seventy five (75) days of discovery regarding issues relevant to resolution of any individual defendant's qualified immunity may be necessary, if the Court denies any Officer's claim to immunity through the motion to dismiss.

Officer Nelson and Chief Berezin anticipate that following any initial discovery period limited to immunity the Court authorizes, any defendant Officer remaining in the case will likely file a potentially dispositive motion for summary judgment based on qualified immunity.

After resolution of every Officer's pre-trial claims to immunity through Rules 12 and 56, a second abbreviated discovery period for remaining discovery regarding issues unrelated to qualified immunity may be necessary if a claim remains against any defendant.

The City anticipates that any further necessary discovery could be completed within 2 months after resolution of qualified immunity under Rules 12 and 56.

The City anticipates that following the second discovery period other defendants would likely file a potentially dispositive motion regarding claims asserted.

The Initial Scheduling Order Should Reflect the Required Stay and<br>Necessary Bifurcation of Discovery

This procedure provides an efficient process for appropriately and promptly addressing qualified immunity at the earliest possible stage of the litigation without subjecting public servants, who are presumed immune from suit, including discovery, to protracted litigation or unnecessary discovery burdens. This streamlined procedure would allow the Court, with a broad base of knowledge of the facts, to address an appropriate dispositive motion, or narrowly tailor appropriate discovery to any demonstrated need of this particular case.

b. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff did not contribute to this filing.

c. When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate sending interrogatories to Plaintiff within the applicable discovery period.

d. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff did not contribute to this filing.

e. Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate deposing individuals disclosed as having knowledge of relevant facts and Plaintiff's expert(s) within the applicable discovery period.

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff did not contribute to this filing.

g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff did not contribute to this filing.

h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 16(a)(2)(B) (expert report).

Defendants anticipate deposing plaintiff's expert(s) within the applicable discovery period if the case is not resolved by then.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Plaintiff did not contribute to this filing.

12. Specify the discovery beyond initial disclosure that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    Defendants aver discovery can be completed in accordance with Defendants' proposed plan.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Plaintiff did not contribute to this filing.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Defendants' counsel agrees to discuss the prospect of settlement as the litigation proceeds.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Defendants agree to participate in mediation after resolution of dispositive motions, if any claims then remain.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Defendants do not jointly agree to consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    Defendants will timely demand a jury.

19. Specify the number of hours it will take to present the evidence in this case.

    If no claim is dismissed before trial, Defendants anticipate it will take 12 hours to present evidence in the case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defendants City, Berezin, and Nelson's motion to dismiss for failure to timely serve process. {Doc. no. 15}.

    Defendants City, Berezin, and Nelson's motion to dismiss for failure to state a claim. {Doc. no. 16}.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

    None other than those otherwise addressed in other sections of the report.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    Plaintiff filed his Disclosure of Interested Parties on September 12, 2018.

    Defendants City, Berezin, and Nelson filed their Disclosure of Interested Parties on October 23, 2018.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

ATTORNEYS FOR DEFENDANTS:

BY: /s/ Norman Ray Giles            Date: January 4, 2019
WILLIAM S. HELFAND
ATTORNEY IN CHARGE
SBOT: 09388250
Bill.helfand@lewisbrisbois.com
Norman Ray Giles
SBOT: 24014084
Norman.giles@lewisbrisbois.com

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)

ATTORNEYS FOR PLAINTIFF:

The Lewis Law Group
99 Detering St., Suite 100
Houston, TX 77007
(713) 570-6555

U. A. Lewis
myattorneyatlaw@gmail.com
SBOT: 24076511
Federal ID 1645666

Shardae Parker
sparker@thelewislaw.com
SBOT: 24076606
Federal ID 3183083

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 4th day of January, 2019.

The Lewis Law Group
U. A. Lewis
myattorneyatlaw@gmail.com
Shardae Parker
sparker@thelewislaw.com
P.O. Box 27553
Houston, TX 77227

/s/ *Norman Ray Giles*