United States District Court
Southern District of Texas
**ENTERED**
March 15, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICHOLAS HARPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-1562 |
| | § | |
| CITY OF MISSOURI CITY, TEXAS, GREGORY NELSON, JOHN DOE I, MIKE BEREZIN, *and* M.B. WILEY, | § | |
| | § | |
| Defendants. | § | |

<u>ORDER</u>

Pending before the Court is Defendants' Berezin, Nelson, and City Motion to Dismiss (Document No. 15). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

<u>I. BACKGROUND</u>

This is a personal injury case arising from an arrest. On May 14, 2016, Plaintiff Nicholas Harper ("Harper") was arrested in Missouri City ("Missouri City"), Texas, after a vehicle crash (the "Crash") involving Harper's allegedly defective vehicle. After the Crash, two police officers—Defendants John Doe ("Doe") and Greg Nelson ("Nelson")—apprehended and arrested Harper. Harper alleges Nelson struck Harper's head with a taser gun and Doe failed to intervene,

causing Harper head injuries. Harper further alleges he was denied adequate medical care while in the Fort Bend County Jail.

Based on the foregoing, on May 15, 2018, Harper filed this lawsuit against Defendants Police Chief Mike Berezin ("Berezin"), Missouri City (the "City"), Doe,[1] and Nelson. Harper brings claims under 42 U.S.C. § 1983 for due process violations, excessive force, and cruel and unusual punishment. On October 23, 2018, Berezin, the City, and Nelson (collectively, the "Initial Defendants") moved to dismiss for insufficient service of process.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(5) governs dismissal for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam). A plaintiff must serve process in compliance with Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 4. Rule 4 provides, *inter alia*, the plaintiff must serve process within ninety days of filing the complaint. Fed. R. Civ. P. 4(m). Rule 4 allows for service of process compliant with Rule 4 itself or with applicable state law. Fed. R. Civ. P. 4(e), (h). The Texas

---

[1] On November 12, 2018, Harper filed an amended complaint that, *inter alia*, identified Doe as Defendant M.B. Wiley. *Plaintiff's First Amended Complaint*, Document No. 20, ¶ 4.

2

Rules of Civil Procedure permit service of process by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a). If service of process is made by certified mail, the return of service must "contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107(c). If the plaintiff fails to perfect timely service of process, the Court must dismiss the action without prejudice or extend the time for service. Fed. R. Civ. P. 4(m). If good cause is shown, the time for service must be extended; absent a showing of good cause, the Court has discretion to "decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

### III. LAW & ANALYSIS

The Initial Defendants move to dismiss for insufficient service of process under Rule 12(b)(5). Harper did not respond to the motion to dismiss. Under Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. "A signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (per curiam). A single declaration identifying specific deficiencies in the process served can constitute strong and convincing evidence. *Aguirre v. CGG Land (U.S.), Inc.*, No. 7:14-CV-49, 2014 WL 1385888, at *3 (S.D. Tex. Apr. 9, 2014) (Alvarez, J.).

On May 15, 2018, Harper filed the complaint. On September 13, 2018, Harper filed returns of service (the "Returns of Service") declaring under penalty of perjury that the Initial Defendants were served.[2] The Returns of Service state the Initial Defendants were "personally served . . . via Certified Mail" and are accompanied by signed return receipts.[3] The Returns of Service state service was made by Francis Martin. Harper does not explain how Francis Martin is authorized to serve process. The Initial Defendants produce declarations (the "Declarations") stating they were never served, either personally or by mail.[4] The Declarations further state the Returns of Service are accompanied by return receipts signed by persons who are not the Initial Defendants.[5] Moreover, the Initial Defendants produce emails (the "Emails") showing Defendants' counsel notified Harper's counsel on three occasions—August 3, 2018, September 18, 2018, and September 20, 2018—that service was never perfected.[6] Instead of perfecting service, on October 1, 2018, Harper moved for a default judgment. Thereafter, on October 23,

---

[2] *Proofs of Service*, Document Nos. 9–10.

[3] *Proofs of Service*, Document Nos. 9–10.

[4] *Defendants' Berezin, Nelson, and City Motion to Dismiss*, Document No. 15, Exhibits 1–3 (*Declarations of Mayor Allen Owen, Police Chief Michael Berezin, and Officer Greg Nelson*) [hereinafter *The Declarations*].

[5] *The Declarations*, *supra* note 4.

[6] *Defendants' Berezin, Nelson, and City Motion to Dismiss*, Document No. 15 Exhibit 6 (*Emails*).

2018, the Initial Defendants moved to dismiss for insufficient service of process. Harper did not respond to the motion to dismiss. Harper does not request an extension of time to perfect service, explain why service was not timely perfected, or dispute the Declarations or the Emails.

The Court finds the Declarations and the Emails are strong and convincing evidence showing service on the Initial Defendants was not timely perfected. The Court therefore finds Harper fails to meet his burden to show service on the Initial Defendants was timely perfected. Because Harper had prior notice service was defective, never perfected service, has not requested an extension of time to perfect service, and did not respond to the motion to dismiss, the Court exercises its discretion to dismiss the action against the Initial Defendants without prejudice. Accordingly, the Initial Defendants' motion to dismiss for insufficient service is granted.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' Berezin, Nelson, and City Motion to Dismiss (Document No. 15) is **GRANTED**.[7]

---

[7] Also pending before the Court are Plaintiff's Request for Entry of Default Judgment (Document No. 12) and Defendants' Berezin, Nelson, and City Motion to Dismiss for Failure to State a Claim (Document No. 16). In light of the Court's holding, these motions are denied as moot.

SIGNED at Houston, Texas, on this __14__ day of March, 2019.

_____
DAVID HITTNER
United States District Judge